**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1955-18T2

BURROUGH'S MILL
APARTMENTS,

    Plaintiff-Respondent,

v.

RYAN ARMSTRONG,

    Defendant-Appellant.

_____

Submitted October 28, 2019 – Decided May 21, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-008859-18.

Ryan Armstrong, appellant pro se.

Dale W. Keith, LLC, attorneys for respondent (Dale W. Keith, on the brief).

PER CURIAM

    Defendant Ryan Armstrong appeals from the trial judge's November 15,

2018 decision indicating that the judge would issue a judgment of possession to

plaintiff Burrough's Mill Apartments unless defendant paid all outstanding rent and related charges. He also appeals the judge's December 6, 2018 decision denying his motion for reconsideration. We affirm, substantially for the reasons stated in the trial judge's oral opinions. We add only the following comments.

Defendant, as a tenant in plaintiff's apartment complex, entered into two lease agreements. The first lease was for a period of one year ending on May 3, 2018 at a rate of $1390 a month. In April 2018, defendant executed a second lease for a term of four months ending on September 3, 2018 at a monthly rate of $1810. The second lease provided: "This [l]ease [c]ontract will automatically renew month-to-month unless: (1) We give you written notice(s) of termination that may include a rent increase or other reasonable contract changes . . . or (2) you give us [sixty] days['] notice of your intent to terminate the lease and move out."

Before the second lease expired, plaintiff offered defendant the option to renew the lease for a one-year term at the $1810 monthly rate. Defendant declined the offer and did not sign a new lease. Therefore, under the terms of the second lease, defendant's tenancy converted to a month-to month on the same terms as the four-month lease.

Believing it unfair to continue paying the $1810 monthly rate, defendant unilaterally chose to make reduced monthly payments of $1390. Plaintiff then brought this action under N.J.S.A. 2A:18-61.1(a), seeking to evict defendant for unpaid rent. After a trial, the judge entered an order and oral decision directing that defendant pay plaintiff unpaid rent, together with costs and fees, and that if he failed to pay this amount, a judgment of possession would be entered against him. Defendant vacated the apartment and moved to reconsider this decision.[1] The trial judge denied defendant's motion. This appeal followed.

On appeal, defendant raises the following arguments:

I. THE TRIAL COURT ERRED WHEN CONSIDERING AN UNCONSCIONABLE RENT INCREASE BY PUTTING THE BURDEN OF PROOF ON THE TENANT.

II. THE TRIAL COURT ERRED WHEN CONSIDERING . . . DEFENDANT A HOLD OVER TENANT BY IGNORING . . . DEFENDANT'S RIGHT AGAINST UNCONSCIONABLE RENT INCREASE.

III. THE TRIAL JUDGE WAS PAST MANDATORY RETIREMENT AGE AND UNFAMILIAR WITH LAW AND CASE LAW.

---

[1] On November 19, 2018, defendant filed a notice of motion to vacate default/default judgment. We infer that because there was no default, the trial judge decided to construe this motion as one for reconsideration of his November 15 decision.

We conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the judge in his well-reasoned decision. We add the following brief remarks.

In an appeal from a bench trial, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard[.]" D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). The factual findings and legal conclusions of the trial judge are not disturbed "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Trust Created by Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We owe no deference to a trial court's interpretation of the law and the legal consequences that flow from established facts. Maldonado, 216 N.J. at 182-83 (citing Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Pursuant to N.J.S.A. 2A:18-61.1(a),

> "[n]o lessee or tenant . . . may be removed by the Superior Court from any . . . tenement leased for residential purposes . . . except upon establishment of one of the following grounds as good cause:  a. The person fails to pay rent due and owing under the lease whether the same be oral or written[.]"

In contrast, N.J.S.A. 2A:18-61.1(f) establishes that a tenant may be removed if the tenant "has failed to pay rent after a valid notice to quit and notice of increase of said rent, provided the increase in rent is not unconscionable and complies with any and all other laws or municipal ordinances governing rent increases."

A "holdover tenant" is generally defined as "[s]omeone who remains in possession of real property after a previous tenancy . . . expires[.]"  Holdover Tenant, Black's Law Dictionary (11th ed. 2019); see also Newark Park Plaza Assocs., Ltd. v. City of Newark, 227 N.J. Super. 496, 499 (Law Div. 1987) ("It is well-settled law in New Jersey that when a tenant continues to occupy a premises after the termination of a lease, his status becomes that of a month-to-month holdover tenant.").  The rights and duties of a holdover tenant are governed by the terms of the expired lease, absent a contrary agreement. Newark Park Plaza, 227 N.J. Super. at 499.

It is simply indisputable that under the plain terms of the May 2018 lease agreement, and consistent with well-established case law, defendant was a

holdover tenant subject to the terms of the last effective lease. See generally Whalen v. Schoor, DePalma & Canger Grp., Inc., 305 N.J. Super. 501, 505-09 (App. Div. 1997) (explaining that under freedom of contract, agreements should be enforced unless contrary to public policy); see Newark Park Plaza, 227 N.J. Super. at 499. In that regard, the lease's exceptions to a month-to-month holdover renewal are not present in this case because the landlord never terminated the lease and defendant never provided notice of an intent to terminate the lease and move out. We also conclude that the judge was unquestionably correct in finding that the provisions of N.J.S.A. 2A:18-61.1(f), prohibiting unconscionable increases in rent "after a valid notice to quit," simply do not apply because there was no notice to quit and there was no increase in rent after defendant voluntarily entered into a lease agreement at the monthly rate of $1810.

For the same reasons, we find that the trial judge did not abuse his discretion in denying defendant's motion for reconsideration. See Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010).

> Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not

consider, or failed to appreciate the significance of probative, competent evidence . . . .

> [Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (third alteration in original) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

In this case, on his motion for reconsideration defendant simply continued to press his unfounded claims of unconscionability, which the judge correctly held do not apply to the facts of this case.

To the extent that we have not addressed defendant's remaining arguments, we conclude that they also lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1955-18T2